**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Louis Schreyer, | : | Civil Action No. |
|     Plaintiff | : | |
| v. | : | |
| Zook Molasses Co., | : | |
| Ron Smoker and Rick Boone , | : | |
|     Defendants | : | Trial Jury Demand |
| | : | |

**VERIFIED COMPLAINT**

Plaintiff, Louis Schreyer ("Plaintiff Schreyer"), by and through his counsel, brings this action against Zook Molasses Co. ("Defendant Zook"), Ron Smoker, in his individual capacity, and Rick Boone, in his individual capacity, for unlawful termination and employment discrimination to secure relief, legal and equitable, for discrimination on the basis of disability, age and FMLA interference and retaliation in violation of rights secured to him under the American with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq* as well as state claims arising under the Pennsylvania Human Relations Act ("PHRA"),43 P.S. § 951 *et seq*.

**INTRODUCTION**

Plaintiff Schreyer worked for Defendant Zook under the supervision of Defendant Ron Smoker. He received an exceptionally high raise in 2005. He continued to receive positive feedback until he became severely ill with heart disease in 2006 and had a heart attack. Upon returning to work the Defendants began to treat Plaintiff Schreyer differently. Plaintiff Schreyer believe he was treated differently because he was both perceived as disabled and he was disabled for the purposes of the ADA.

Plaintiff Schreyer suffered a second heart attack in June 2008. Although the Defendant Zooks provided Plaintiff Schreyer with short term disability Defendant Boone did not provide him with notice of his rights under the FMLA, thereby interfering with those rights. Furthermore, when Plaintiff Schreyer inquired about returning to work he was threatened with termination. Plaintiff Schreyer provided Defendant Boone with a note releasing Plaintiff to return to work. Several days before his statutorily protected time under FMLA expired, Defendant Smoker fired Plaintiff Schreyer.

## JURISDICTION

1. The jurisdiction of this Court over Counts I, II , III, IV & V of this controversy is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this District Court has original jurisdiction of all civil actions arising under the laws of the United States.

2. The federal law to be enforced in Counts I & II is under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* The federal laws to be enforced in Counts III & IV arise under the American with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* The federal law to be enforced in Count V is the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

3. The jurisdiction of this Court over Count VI of this controversy is based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The laws of the Commonwealth of Pennsylvania apply to Count VI.

## VENUE

4. Venue is appropriate in this district pursuant to §28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

5. Louis Schreyer ("Plaintiff Schreyer") is an adult citizen of the Commonwealth of Pennsylvania who resided in Ronks, Pennsylvania during the course of the events here pled.

6. Plaintiff Schreyer is a 58 year-old man; he was 56 years old at the time he was terminated.

7. Zook Molasses Co. ("Defendant Zook") is a private corporation which produces liquid and dry feeding cane molasses to the agricultural industry.

8. Ron Smoker ("Defendant Smoker"), is an adult citizen of the Commonwealth of Pennsylvania, and is employed by Defendant Zook as the Plant Manager and Decision-maker of Defendant Zook. Defendant Smoker is being sued in his individual capacity pursuant to the PHRA.

9. Rick Boone ("Defendant Boone"), is an adult citizen of the Commonwealth of Pennsylvania, and is employed by Defendant Zook as the Plaintiff's former supervisor. Defendant Boone is being sued in his individual capacity pursuant to the PHRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff Schreyer filed an employment discrimination charge based on age, disability and retaliation against Defendant Zook, Ron Smoker and Rick Boone with the Equal Employment Opportunity Commission ("EEOC") in a timely manner, Charge No. 530-2009-02053 on March 2, 2009.

11. Plaintiff Schreyer's EEOC Charge was simultaneously filed with the Pennsylvania Human Relations Commission ("PHRC") on March 2, 2009.

12. Plaintiff Schreyer exhausted applicable administrative remedies for his ADA, ADEA and PHRA Claims.

13. The EEOC issued a Notice of right to file suit on June 30, 2010, attached as exhibit A.

14. Plaintiff Schreyer exhausted applicable administrative remedies for his dual filed PHRC Claim filed on March 2, 2009.

## FACTUAL ALLEGATIONS

### A. PLAINTIFF SCHREYER'S EMPLOYMENT AT DEFENDANT ZOOK MOLASSES

15. Plaintiff Schreyer was hired in 2004 as Mixer in the Blending Department at Defendant Zook Molasses.

16. In 2006, Plaintiff Schreyer suffered his first heart attack and his physician informed him that he had heart disease.

17. Plaintiff Schreyer's heart disease is a lifelong condition that substantially affects his ability to stand, walk, climb, breathe, and work extra long hours.

18. He had stents put in place and was allowed to return to work.

19. Plaintiff Schreyer returned to work in a timely manner but had some work restrictions as ordered by his physician.

20. Plaintiff Schreyer's physician ordered that he refrain from climbing up and down ladders and that he work no more than 6-8 hours per day.

21. Defendant Zook accommodated these work restrictions in 2006.

22. Defendants Boone and Smoker and Plant Manager Paul Langinger called Plaintiff Schreyer into their office and informed him that they needed someone who can work 50 hours per week, and they suggested Plaintiff Schreyer should seek employment somewhere else.

23. Defendant Boone overheard Plaintiff Schreyer telling Jeff Devine, the Head of Maintenance, that Plaintiff Schreyer had been advised to seek employment elsewhere.

24. Defendant Boone then retracted his comment, telling Plaintiff Schreyer "Don't worry about finding another position."

25. Defendant Smoker changed his shift so that it started at 7:00 AM rather than 5:00 AM.

26. Co-worker Jimmy Plank told Plaintiff Schreyer that Defendant Smoker changed Plaintiff's hours in hopes of getting Plaintiff Schreyer to quit on his own accord.

27. Plaintiff Schreyer reported this harassment to Plant Supervisor Paul Langinger, who did nothing about it.

28. Plaintiff Schreyer noticed that his work restrictions were causing tensions in the workplace.

29. Plaintiff Schreyer, on his own initiative, began looking for another position within the company.

30. Plaintiff Schreyer applied internally for a warehouse position he found advertized on the "job openings" board at work. The job listing instructed him to "See HR if interested."

31. Plaintiff Schreyer was advised by the hiring supervisor, Shawn Sensenig, that he could not hire him for the dispatcher position because Plaintiff Schreyer's supervisor, Noel Weaver, "would not let him go."

32. Plaintiff Schreyer also applied for a dispatcher position posted on the same "job openings board.

33. Defendant Boone told Plaintiff Schreyer that he was not qualified for the dispatcher position because Plaintiff Schreyer was not trained in Microsoft Excel.

34. Plaintiff Schreyer told Defendant Boone that he was able and willing to learn new programs and was familiar with various computer programs.

35. Defendant Boone did not offer Plaintiff Schreyer training in Microsoft Excel.

36. When Plaintiff Schreyer began working for Defendant Zook, they provided him with six months of on the job training so that he could properly test the products.

37. Plaintiff Schreyer found it suspicious that Defendants offered on the job training for his present job, but they refused to offer on the job training for the dispatcher position.

38. When Plaintiff Schreyer inquired about the position a second time, Defendant Boone asked him if he had taken any Excel courses since the last time they spoke, but he did not state why knowledge of Excel was required for the position.

39. Defendant Zook subsequently hired someone else for the dispatcher position. This person did not remain in the position long before leaving the company.

40. Plaintiff Schreyer also applied within Defendant Zook organization for several other positions for which he was qualified.

41. On June 13, 2008, Plaintiff Schreyer suffered his second heart attack while on vacation.

42. Plaintiff Schreyer contacted Defendant Zook in a timely manner to advise them of his serious health condition and started his short disability leave.

43. No staff member of Defendant Zook ever advised Plaintiff Schreyer of his rights under FMLA.

44. Plaintiff Schreyer took off nearly 12 weeks to recuperate from his second heart attack.

45. Plaintiff Schreyer continued to keep Defendant Zook abreast of his condition and medical leave.

46. Defendant Boone contact Plaintiff Schreyer and advised him that he must return to work by September 13, 2008, if he wanted to keep his job.

47. On September 4, 2008, Plaintiff Schreyer took his doctor's medical release into Defendant Zook and handed it to Defendant Boone.

48. Plaintiff Schreyer's work release included reducing his work day, as was the case with his first heart attack, limiting his lifting capacity and periodic rests as needed. It permitted him

to work with this restricted schedule effective September 8, 2008 and estimated his full release to regular duty effective October 27, 2008.

49. On September 5, 2008, Defendant Boone contacted Plaintiff Schreyer and advised him to not bother coming back to work at all.

50. Plaintiff Schreyer was clearly the oldest worker in the blending department at Defendant Zook.

51. Defendant Zook hired a significantly younger man to replace Plaintiff Schreyer.

### B. PLAINTIFF SCHREYER'S ABILITY AND DESIRE TO RETURN TO DEFENDANT ZOOK

52. Following Plaintiff Schreyer's second heart attack, Defendant Zook and its agents repeatedly asked Plaintiff Schreyer when he would be returning to work.

53. Plaintiff Schreyer stated that he did not know the date because his doctor had not yet given him the authorization that he was healthy enough for a safe return to Defendant Zook.

54. Defendant Zook employee, Noel Weaver, asked Plaintiff Schreyer what he would do if his doctor did not release him to return to work.

55. Plaintiff Schreyer advised Noel Weaver that he would not work if his doctor did not release him.

56. Plaintiff Schreyer never stated that he did not intend to return to work at Defendant Zook.

57. Plaintiff Schreyer did inquire about unemployment benefits after Defendant Boone called Plaintiff Schreyer's wife and advised her that Plaintiff Schreyer would be terminated if his doctor did not release him to return to work prior to September 13, 2008.

58. In light of this threat, Plaintiff Schreyer wanted to know what options he would have if his doctor did not feel it was safe for him to return to work by the deadline.

59. Defendant Boone sent Plaintiff Schreyer a termination letter dated September 8, 2008.

60. In the termination letter, Defendant Boone confirms that the termination reason is "the unavailability of work that is within your medical restrictions."

61. In 2006 Defendant previously provided the same accommodations Plaintiff Schreyer requested in 2008, but they refused to accommodate Plaintiff Schreyer in 2008 because of their discriminatory bias against disabled workers.

   C. **DEFENDANT ZOOK'S ALLEGATIONS THAT THEY REORGANIZED PLAINTIFF SCHREYER'S DEPARTMENT ARE PRETEXT**

62. Defendant Zook claims that they eliminated Plaintiff Schreyer's position after a reorganization of his department.

63. At no time did anyone from Defendant Zook advise Plaintiff Schreyer of the reorganization.

64. Defendant Zook advised the EEOC of the members of the newly formed department, which includes all of the same employees as in the previous department with the exception of the removal of Plaintiff Schreyer and the addition of his able-bodied replacement, Larry Kuhn.

65. Larry Kuhn had not been working in the department prior to the alleged reorganization.

66. Defendant Zook never discussed Plaintiff Schreyer's limitations with him nor discussed the possibility of his transfer to other available and more suitable positions.

67. In the September 8, 2008 letter of termination, Defendant Boone never once mentioned that Plaintiff Schreyer was losing his job due to a departmental reorganization.

68. In the termination letter, the reason specified for Plaintiff Schreyer's termination was "the unavailability of work that is within [his] medical restrictions."

   D. **DEFENDANT SMOKER DISCRIMINATED AGAINST PLAINTIFF SCHREYER BY CREATING AN INTOLERABLE WORK ENVIRONMENT**

69. Defendant Smoker told Plaintiff Schreyer's coworkers, including Bill Smith, that Smoker would give them a raise if they could "get rid" of Plaintiff Schreyer.

70. Defendant Smoker showed his animus against Plaintiff Schreyer by changing Plaintiff Schreyer's hours.

71. Defendant Smoker began to single out and discriminate against Plaintiff Schreyer by consistently monitoring Plaintiff Schreyer's breaks.

72. Defendant Smoker acted very negatively to Plaintiff Schreyer's requests for reasonable accommodations.

73. Defendant Boone interfered with Plaintiff Schreyer's ability to transfer to other positions in the plant; namely, the dispatcher position.

### JURY DEMAND

74. Plaintiff herein demands a trial by jury of all issues herein.

### CAUSES OF ACTION

### COUNT ONE

### 29 U.S.C § 2615(B) *et seq.* – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") AGAINST DEFENDANT ZOOK FOR INTERFERENCE

75. Plaintiff Schreyer incorporates by reference paragraphs 1 through 74.

76. Defendant Zook was an employer subject to the FMLA's requirements.

77. Plaintiff Schreyer was entitled to FMLA.

78. Plaintiff was denied benefits that he was entitled to.

79. Plaintiff Schreyer gave adequate notice to his Defendant Zook about his need to use FMLA as a result of his serious medical condition.

80. Plaintiff Schreyer's heart attack is considered a serious health condition which requires continued treatment by a health care provider per the FMLA.

81. Plaintiff Schreyer gave frequent updates to Defendant Zook regarding his condition.

82. Defendants' unlawful interference with Plaintiff Schreyer's entitlements under the FMLA violates provisions of the FMLA, justifying an award, *inter alia*, of back pay, front pay and benefits against Defendant.

83. Defendants' unlawful interference of Plaintiff Schreyer's FMLA use was a willful violation of the FMLA, justifying an award of liquidated damages under the FMLA.

### COUNT TWO

**29 U.S.C.S § 2615(A) *et seq.* – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") AGAINST DEFENDANT ZOOK FOR RETALIATION**

84. Plaintiff Schreyer incorporates by reference paragraphs 1 through 83.

85. Plaintiff Schreyer invoked his FMLA rights.

86. Plaintiff Schreyer suffered an adverse employment action.

87. There is a causal connection between Plaintiff Schreyer's termination and Plaintiff Schreyer's use of his FMLA rights.

88. Defendants' unlawful termination of Plaintiff Schreyer by retaliating against him for using his FMLA coverage violates provisions of the FMLA, justifying an award, *inter alia*, of back pay, front pay and benefits against Defendant.

89. Defendants' unlawful termination of Plaintiff Schreyer on account of retaliating against him for using his FMLA coverage was a willful violation of the FMLA, justifying an award of liquidated damages under the FMLA.

### COUNT THREE

**29 U.S.C § 621 *et seq.* – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) AGAINST DEFENDANT FOR TERMINATION AND FAILURE TO ACCOMMODATE BASED ON PLAINTIFF'S DISABILITY AND REASONABLE REQUEST FOR ACCOMMODATION**

90. Plaintiff Schreyer incorporates by reference paragraphs 1 through 89.

91. Plaintiff Schreyer has a "disability" within the meaning of the Americans with Disabilities Act.

92. Plaintiff is a "qualified individual" able to perform the essential functions of his job with Defendant Zook.

93. Defendant Zook terminated Plaintiff Schreyer's employment and failed to accommodate Plaintiff's request for reasonable accommodations, as they had done after his first heart attack.

94. Plaintiff's disability was a determinative factor in Defendant Zook's reason to terminate Plaintiff Schreyer from employment.

95. Plaintiff Schreyer's disability was a motivating factor in Defendant Zook's reason to terminate Plaintiff from his employment.

96. Defendant Zook's unlawful and discriminatory termination of Plaintiff Schreyer's employment because of Plaintiff's disability violates the provisions of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

97. Defendant Zook retaliated against Plaintiff Schreyer because of Plaintiff's request for reasonable accommodation of Plaintiff's disability.

98. As a result of Defendant Zook's intentional and discriminatory actions, Plaintiff suffered damages, justifying an award, *inter alia,* of back pay, front pay, benefits and compensatory and punitive damages against Defendant Zook.

## COUNT FOUR

**29 U.S.C § 621 *et seq.* – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) AGAINST DEFENDANT ZOOK FOR TERMINATION AND FAILURE TO ACCOMMODATE BASED ON DEFENDANT'S PERCEPTION THAT PLAINTIFF WAS DISABLED**

99. Plaintiff Schreyer incorporates by reference paragraphs 1 through 98.

100. Plaintiff Schreyer was regarded by Defendants Zook, Smoker, and Boone as having a physical disability within the meaning of the ADA.

101. Plaintiff is a "qualified individual" able to perform the essential functions of his job with Defendant Zook.

102. Defendant Zook terminated Plaintiff Schreyer's employment and failed to accommodate Plaintiff's request for reasonable accommodations, as they had done after his first heart attack.

103. Plaintiff's perceived disability was a determinative factor in Defendant Zook's reason to terminate Plaintiff Schreyer from employment.

104. Plaintiff Schreyer's perceived disability was a motivating factor in Defendant Zook's reason to terminate Plaintiff from his employment.

105. Defendant Zook's unlawful and discriminatory termination of Plaintiff Schreyer's employment because of Plaintiff's perceived disability violates the provisions of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

106. Defendant Zook retaliated against Plaintiff Schreyer because of Plaintiff's request for reasonable accommodation of Plaintiff's perceived disability.

107. As a result of Defendant Zook's intentional and discriminatory actions, Plaintiff suffered damages, justifying an award, *inter alia,* of back pay, front pay, benefits and compensatory and punitive damages against Defendant Zook.

## COUNT FIVE

### 29 U.S.C § 621 *et seq.* – VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) AGAINST DEFENDANT ZOOK

108. Plaintiff Schreyer incorporates by reference paragraphs 1 through 107.

109. Plaintiff is 58 years old.

110. Defendants' unlawful termination of Plaintiff Schreyer because of his age and status as an older worker violates the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.,* justifying an award, *inter alia*, of back pay, front pay, and lost benefits against the Defendants.

111. Defendants' unlawful termination of Plaintiff Schreyer on account of his age and status as an older worker was a willful violation of the ADEA, justifying an award of liquidated damages under the ADEA.

### COUNT SIX

**43 P.S § 954*a* – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT AGAINST DEFENDANT ZOOK, DEFENDANT SMOKER AND DEFENDANT BOONE**

112. Plaintiff Schreyer incorporates by reference paragraphs 1 through 111.

113. Defendants' unlawful and discriminatory harassment and termination of Plaintiff Schreyer because of age and status as an older worker violates the provisions of the PHRA, justifying an award, *inter alia*, of back pay, front pay, benefits and compensatory damages against Defendants.

114. Defendants' unlawful and discriminatory harassment and termination of Plaintiff Schreyer because of his disability violates the provisions of the PHRA, justifying an award, *inter alia*, of back pay, front pay, benefits and compensatory damages against Defendants.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendants as follows:

a.  For a declaratory judgment that Defendant's actions complained of herein violate the ADA, ADEA, FMLA and the PHRA;

b.  For injunctive and equitable relief, prohibiting the Defendants engaging in discriminatory practices and reinstating Plaintiff Schreyer to the position he would have been in had Defendants not discriminated against him.

c.  For a money judgment including monetary damages, including back pay, front pay, compensatory damages, punitive damages and all other sums of money, including retirement benefits, other employment benefits, and liquidated damages;

d.  For pre-judgment interest;

e.  For reasonable attorneys' fees, expert witness fees, costs and all other relief permitted by the ADA, ADEA, FMLA and the PHRA or other applicable law; and

f.  For such other relief as the Court deems just and appropriate.

        **TRIQUETRA LAW ®**
        Respectfully submitted,

Dated: July 16, 2010

Sharon R. López
Attorney for Plaintiff Louis Schreyer
35 East Orange Street, Suite 301
Lancaster, PA  17602
(717)  299-6300 (Telephone)
(717)  299-6300 (Fax)
Lopez@TriquetraLaw.com
PA ID 70605

## VERIFICATION

I hereby verify that the statements contained in this response are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

7/15/2010
Date Signed

Signature of Louis Schreyer